

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCAS MARTIN-CALMO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 13-74046<br><br>Agency No. A088-737-877<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2018[**]
Seattle, Washington

Before:  HAWKINS, TASHIMA, and GRABER, Circuit Judges.

Lucas Martin-Calmo, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").[1] We deny the petition in part, grant the petition in part, and remand to the BIA.

1. Substantial evidence supports the BIA's denial of Petitioner's CAT claim. Petitioner failed to show that it was more likely than not that he would be tortured by or with the acquiescence of the Guatemalan government. Silaya v. Mukasey, 524 F.3d 1066, 1073 (9th Cir. 2008). We thus deny the petition insofar as it pertains to the CAT claim.

2. As to Petitioner's claim for withholding of removal, the BIA made two errors. First, the BIA used an incorrect legal standard. The "one central reason" test does not apply to claims for withholding of removal. Barajas-Romero v. Lynch, 846 F.3d 351, 359–60 (9th Cir. 2017). Second, the BIA mischaracterized Petitioner's testimony about why he feared returning to Guatemala. Petitioner claimed that he was mocked and threatened because of his ethnicity—not that he feared gang violence or criminals. We thus grant the petition insofar as it pertains to the withholding claim.

**Petition DENIED in part, GRANTED in part, and REMANDED.** The parties shall bear their own costs on appeal.

---

[1] Petitioner does not challenge the denial of his asylum claim.

2